HUTCHINSON ET AL. V. THE NEW SHARON, COAL VALLEY & EASTON R'Y CO. ET AL.

1. **Contract for Work:** FAILURE TO COMPLETE: WAIVER OF FAILURE. Where plaintiffs contracted to grade a certain section of defendants' road within a given time, and, after the time had expired, the work being unfinished, defendants abandoned the construction of that part of their line and directed plaintiffs to cease, *held* that the fact that the contract was not fully performed within the stipulated time was no ground of recovery, it not appearing that any complaint was made of the failure to complete the work within that time.

2. ———: MISTAKE IN WRITING DOWN: EVIDENCE NOT SUFFICIENT TO REFORM. The evidence in this case considered, and *held* insufficient to justify the court in reforming the contract to eliminate an alleged mistake.

*Appeal from Mahaska Circuit Court.*

THURSDAY, APRIL 10, 1884.

THIS is an action in equity by which it is sought to fore-

close a mechanic's lien upon the railroad of the defendants, for money claimed to be due upon a contract for grading part of said road. There was a decree for the plaintiffs, and defendants appeal.

*R. A. Sanky, S. C. Cook* and *Lafferty & Needham,* for appellants.

*Jno. F. Lacy,* for appellees.

ROTHROCK, CH. J.—I. In June, 1881, the plaintiffs entered into a written contract with defendants, by which plaintiffs undertook to grade ten miles of railroad. That part of the contract which provides for the compensation to be paid for the work, is as follows: " Twelve cents per cubic yard for all earth moved from cuts or fills four feet in height or depth, and hauls not to exceed five hundred feet in length; and for all earth moved from cuts or onto fills over four feet in height or depth, and under seven feet, the second parties are to receive sixteen cents per cubic yard; and for all earth moved onto fills thirteen feet in height, the same rate of seventeen cents per cubic yard; and for all cuts over seven feet in depth the second parties are to receive a like increase of proportion of the price above sixteen cents per cubic yard."

The plaintiffs did not entirely complete the work, and for this reason the defendants claim damages. We do not think that the evidence shows that the defendants are entitled to any damages on this account. It appears that the railroad company abandoned the construction of that part of the line which plaintiffs contracted to grade, and directed the plaintiffs to cease the work under the contract. It is true, this was after the time fixed in the contract for the completion of the work thereunder, but it does not appear that any complaint was made by the company of any failure to do the work within the stipulated time.

II. The defendants further pleaded that the real contract

between the parties was, "that the sixteen cents per cubic yard, provided for in said contract, was to be paid for the excess over four feet and under seven feet in cuts or fills, and not for the whole amount of the cut or fill when over four and under seven feet, and that the seventeen cents per cubic yard provided for in said contract should be for the excess over seven feet and under thirteen feet in height on fills, and that the "like increase" provided for in said contract for all cuts over seven feet in depth should be for the excess over seven feet, and not for the whole cut, and, by reason of oversight and mistake in drafting the contract, the provision in regard to the excess in said several particulars was omitted. It was asked that the contract be reformed accordingly. Evidence was introduced on this branch of the case by both parties. The court found that there was no sufficient proof made to authorize a reformation of the contract. We think this finding was correct. Indeed, it appears to us that upon this issue the preponderance of the evidence, without considering the written contract, was with the plaintiffs.

The court construed the contract as meaning that, wherever a cut or fill in any part of its length exceeded four feet, the whole of that part should be estimated at sixteen or seventeen cents per yard from the natural surface up or down, and that that part of the same cut or fill which was less than four feet should be estimated at twelve cents per yard. We believe this construction was correct according to the contract as written, and, there being no showing that the plaintiffs understood it in any different sense, that construction was properly adopted.

AFFIRMED.